UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DANIER WILLIAMS, | Case No. 1:14-cv-01306 DAD DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF FIRST AMENDED COMPLAINT WITH PREJUDICE |
| v. | |
| ROSELLE BRANCH, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Brian D. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 11, 2014. On July 17, 2015, the Court screened the complaint and determined that Plaintiff failed to state a claim for relief. Plaintiff was granted leave to file an amended complaint. On August 7, 2015, Plaintiff filed a First Amended Complaint. He names Registered Nurses C. Tan and G. Newton, and Medical Doctors Roselle Branch, Angelica Duenas, and G. Kalisher as Defendants.

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at California Correctional Institution ("CCI") at Tehachapi, California.  The events giving rise to this action took place while Plaintiff was housed at CCI and Correctional Training Facility ("CTF").

Plaintiff alleges the following.  On May 29, 2013, Defendant Tan examined Plaintiff and noted skin lesions, redness, and skin tags around the anal area.  She failed to diagnose Plaintiff with

2

having anal warts and did not refer him to a physician. Plaintiff requested to be seen again. On June 20, 2013, a nurse referred Plaintiff to Defendant Duenas who assessed Plaintiff's medical condition as anal warts. Defendant Duenas referred Plaintiff to a specialist using the routine 14 calendar day waiting list. Plaintiff complains that Duenas should have referred him for urgent 24-hour care. On July 10, 2013, a specialist recommended laser surgery for the removal of anal warts. The specialist failed to place him on the schedule for surgery. On August 6, 2013, Defendant Duenas placed Plaintiff on the waiting list for surgery because he wasn't on the list.

On September 4, 2013, Plaintiff was transferred to CTF. On September 23, 2013, Plaintiff's 7362 form was received in CTF concerning removal of warts. On October 14, 2013, Defendant Branch examined Plaintiff concerning removal of anal warts. Defendant Branch scheduled Plaintiff for cryotherapy procedure. On October 30, 2013, Plaintiff's CDC-602 was received by Defendant Newton where it was partially granted for laser surgery of genital warts. The 602 was completed on January 28, 2014. On January 10, 2014, Plaintiff went to NMC Medical Facility, where Dr. Palmer scheduled Plaintiff for laser removal of genital warts. On February 6, 2014, the surgery was completed. On February 7, 2014, Defendant Kalisher prescribed 600mg of Motrin when Tylenol 3 was recommended.

Plaintiff seeks compensatory damages in the amount of $2,000,000.00 and for CDCR to pay all future medical bills.

**C.** **DISCUSSION**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

3

2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Here, assuming that Plaintiff's anal warts constituted a serious medical need, Plaintiff's allegations fail to show how any defendant's response to the need was deliberately indifferent. Wilhelm, 680 F.3d at 112.

Plaintiff alleges that Defendant Tan first examined him and noted lesions, redness and skin tags in the anal area. There is no indication that Tan failed to treat Plaintiff. He faults Defendant Tan for failing to diagnose his condition as anal warts, but at most this amounts to negligence, and an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

As to Defendant Duenas, Plaintiff's allegations establish that Duenas examined and treated

4

him for his complaints. Duenas referred Plaintiff to a specialist for treatment of his condition. Plaintiff faults Duenas for failing to place him on the urgent care list rather than the routine 14 day list, but his disagreement with the physician's determination does not present a claim. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Plaintiff fails to demonstrate how Defendant Duenas chose a medically unacceptable course of treatment.

Similarly, Plaintiff fails to state a claim against Defendants Branch and Kalisher. Defendant Kalisher prescribed 600mg of Motrin, where Plaintiff alleges Tylenol 3 was indicated, but his disagreement does not present a claim. Id. at 987. Likewise, Plaintiff's disagreement with Defendant Branch's chosen course of treatment of cryotherapy does not present a claim. Id.

Finally, Defendant Newton's granting of Plaintiff's 602 appeal for laser surgery treatment does not present a claim. There is no indication that Newton did anything but grant the surgery Plaintiff sought. Moreover, Plaintiff does not a have protected liberty interest in the processing of his appeal, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeal. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff has therefore failed to state a deliberate indifference claim against any named Defendant.

**D.      CONCLUSION AND RECOMMENDATION**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with the opportunity to amend and he was unable to cure the deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130. Based on the nature of the deficiencies, further leave to amend is not warranted, and the Court HEREBY RECOMMENDS as follows:

1. Plaintiff's complaint be dismissed, without leave to amend, for failure to state a claim under section 1983;

2. The Clerk of Court be directed to enter judgment; and

3. The dismissal count as a strike under 28 U.S.C. § 1915(g).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated: **June 17, 2016**           /s/ *Dennis L. Beck*
                                   UNITED STATES MAGISTRATE JUDGE