# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DANIER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ROSELLE BRANCH, et al.,<br><br>Defendants. | 1:14-cv-01306-DAD-GSA-PC<br><br>**ORDER DENYING MOTION TO SEAL**<br>**(ECF No. 19.)** |

**I.  BACKGROUND**

Plaintiff Brian D. Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this case on August 11, 2014. (ECF No. 1.)  On September 9, 2016, this case was dismissed with prejudice for failure to state a claim.  (ECF No. 16.)  The case is now closed at the court.

On March 27, 2018, Plaintiff filed a motion to seal this case.  (ECF No. 19.)

**II.  SEALING DOCUMENTS – LEGAL STANDARDS**

Federal courts have recognized a strong presumption that judicial records are accessible to the public. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

"Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). Generally, if a party seeks to seal a judicial record, the party bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings" to justify sealing the records at issue. Kamakana, 447 F.3d at 1178.

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1312 (1978). Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon, 435 U.S. at 602).

"Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (quoting Hagestad, 49 F.3d at 1434). In general, when "'court files might have become a vehicle for improper purposes' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure. Kamekana, 447 F.3d at 1179 (internal citations and alterations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz, 331 F.3d at 1136.

### III. PLAINTIFF'S MOTION

Plaintiff requests the court to seal the records in this case pursuant to Rules 2.550 and 2.551 of the California Rules of Court and the HIPAA Privacy Rule. Plaintiff is concerned that his sensitive confidential medical records, along with the fact that he was housed on the

Sensitive Needs Yard based on safety concerns, have been disclosed to the public, placing him and others in danger. Plaintiff also argues that "[t]here's a high probability that anyone that I want to date or conduct business with can access my private health information, [which could] deter any furtherance of business or relationships with who I choose to conduct with (*sic*)." (ECF No. 19 at 2.)

The California Rules of Court are not applicable here, and the Privacy Rule of HIPAA only applies to covered entities, such as "(1) A health plan, (2) A health care clearinghouse, and (3) A health care provider who transmits health information in electronic form in connection with transaction a transaction covered by this subchapter." See 45 C.F.R. § 160.102(a)(3). There is no issue in this case, nor in Plaintiff's motion, which concern any of these covered entities. Therefore, the court shall not apply the California Rules of Court nor the Privacy Rule of HIPAA, and shall instead apply the legal standards for sealing documents discussed above.

The court has reviewed the record in this case, including Plaintiff's complaint and amended complaint, which disclose that Plaintiff sought treatment for genital warts while he was incarcerated at two different prisons. There is no information disclosed in either of the complaints, or any other record in this case, about Plaintiff's particular housing status in either of the prisons, and none of Plaintiff's medical records were submitted in this case.

While Plaintiff's medical condition may cause him embarrassment, Plaintiff has not explained how the disclosure of any of the information in his case record could place him or anyone else in danger. Plaintiff has not met his burden of articulating "compelling reasons supported by specific factual findings" to justify sealing the records in this case, and this case is not one "traditionally kept secret" by the court. The court finds that on balance, the potential harm to Plaintiff's interests is outweighed by the presumption of access to judicial records, which favors disclosure. Permitting the judicial records in this case to be filed under seal would deprive the public of the information it is entitled to, namely the basis for this court's decision to dismiss the case. Therefore, Plaintiff's motion to seal shall be denied.

///

///

**IV. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to seal this case, filed on March 27, 2018, is DENIED.

IT IS SO ORDERED.

Dated: **March 30, 2018**    /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE